Meyer, J.
(dissenting). Respectfully I dissent and vote to affirm the order of the Appellate Division essentially for the reasons stated in the memorandum of that court.
In response to the majority I add that: (1) nothing in the UN Convention or in the history of its negotiation or its implementation by Congress suggests that the word “refer” as used in section 3 of article II of the UN Convention was intended to foreclose the use of attachment where permitted by the law of the jurisdiction in which the attachment is obtained; (2) in light of the majority’s concessions that foreign arbitration awards are enforced on the same terms as domestic awards (p 413), that there are circumstances under which a domestic award may be enforced under our law through use of a preaward attachment (p 413) and that the UN Convention speaks only in terms of postaward security (p 414), and of the fact that the UN Convention does not specifically address the subject of preaward attachment, the UN Convention cannot properly be said to have proscribed such an attachment by implication; and (3) the use of attachment in maritime contract cases arbitrated under the Federal statute cannot properly be distinguished from arbitration-related attachment per *417 mitted under State statutory and decisional law, for the UN Convention makes no distinction; it either permits or proscribes both. In my view, absent more specific language of proscription in the UN Convention, it permits both.
Judges Jones, Wachtler and Fuchsberg concur with Chief Judge Cooke; Judge Meyer dissents and votes to affirm in a separate opinion in which Judges Jasen and Gabrielli concur.
Order reversed, with costs, and the order of Supreme Court, New York County, reinstated. Question certified answered in the negative.